UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN J. GALLI,<br><br>                        Plaintiff,<br><br>-against-<br><br>PRICEWATERHOUSECOOPERS LLP;<br>PRICEWATERHOUSECOOPERS<br>ADVISORY SERVICES, LLC; JEFFREY<br>LAVINE; CATHERINE STAHLMANN;<br>MARIA CALABRESE; CHERYL RIPORTI;<br>JOHN DOES 1-10; JANE DOES 1-10,<br><br>                        Defendants. | Case No. 1:20-cv-1640 (LGS)(SN)<br>[rel. 1:19-cv-07224 (LGS)(SN)]<br><br>[~~PROPOSED~~]<br>**PROTECTIVE ORDER AND<br>CONFIDENTIALITY<br>AGREEMENT** |

       IT IS HEREBY STIPULATED AND AGREED, pursuant to Fed. R. Civ. P. 5, 26 and 29, by and between plaintiff Susan Galli, on the one hand, and defendants PricewaterhouseCoopers LLP, PricewaterhouseCoopers Advisory Services LLC, Jeffrey Lavine, Catherine Stahlmann, Maria Calabrese and Cheryl Riporti (collectively, the "Parties," and each a "Party"), through their undersigned attorneys in the above-captioned action (the "Action") as follows:

    1.     "Discovery Material," as such term is used herein, shall refer to:

        (a)     all documents (as the term is defined in Local Rule 26.3(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and Fed. R. Civ. P. 34(a)(1)) and other discovery materials produced by either Party (i) in response to any discovery request, (ii) pursuant to any Order or direction of the court (the "Court") in the Action, or (iii) pursuant to any agreement of the Parties; and,

        (b)     all documents or other information submitted or produced by any person or entity that is not a party to the Action (a "Non-Party") (i) in response to any subpoena issued in connection with or arising from the Action, (ii) pursuant to any Order or direction of the Court, or (iii) pursuant to any agreement with the Parties, or with any Party.

2. All Discovery Material disclosed by either Party or any Non-Party in the Action shall be handled in accordance with this Protective Order and Confidentiality Agreement (the "Confidentiality Order"). The confidentiality obligations contained in this Confidentiality Order shall survive the conclusion of the Action.

3. Any Party or Non-Party may designate as "Confidential" any Discovery Material that it deems in good faith is entitled to protection as business information of a proprietary or confidential nature, as sensitive information concerning individuals who are not parties to the Action, or the disclosure of which would cause harassment, annoyance, embarrassment or oppression (as so designated, "Confidential Discovery Material"). The Parties anticipate that such Confidential Discovery Information may include the confidential information of clients of PricewaterhouseCoopers LLP and PricewaterhouseCoopers Advisory Services LLC. Those clients are not Parties to this action, and there are State and Federal laws, as well as contractual, professional and ethical standards, that prohibit and protect the disclosure of the confidential information of those clients, absent, *inter alia*, a court order. Any "Confidential" designation will be fully applicable to any information contained in or derived from any Discovery Material so designated. All documents designated as "Confidential" shall be treated as Confidential Discovery Material.

4. The Parties shall not use or disclose the Confidential Discovery Material other than in connection with the Action.

5. Documents produced in the Action may be designated "Confidential" by marking the pages of such documents with such designation.

6. Any recorded or transcribed testimony may be designated as "Confidential" within thirty (30) days following receipt by the designating Party or Non-Party of a copy thereof, and any

testimony so designated shall be treated as Confidential Discovery Material under the terms of this Confidentiality Order. Prior to the conclusion of such thirty-day period, all recordings or transcripts, and the information contained therein, will be deemed to be Confidential in their entirety under the terms of this Confidentiality Order.

7. A Party's inadvertent production of any Discovery Material lacking a "Confidential" designation will not be deemed a waiver of that Party's claim to the confidential nature of such Discovery Material, or estop said Party from designating such Discovery Material as "Confidential" at a later date. Disclosure of Discovery Material by the receiving Party before such later designation shall not be deemed a violation of the provisions of this Confidentiality Order.

8. Neither Party shall be obligated to challenge the propriety of the designation of any Confidential Discovery Material, and a failure to do so shall not preclude any subsequent objection to such designation or any motion to seek permission to disclose such Confidential Discovery Material to persons not referred to in this Confidentiality Order, or from otherwise modifying the provisions of this Confidentiality Order.

9. A Party may notify the other Party at any time, in writing, or in the case of testimony, either orally upon the record of such testimony or in writing, of its, his or her objection to the designation of any material as Confidential Discovery Material. If the objection cannot be resolved by agreement of counsel within a reasonable period of time thereafter, the Party seeking such designation may seek resolution of the matter from the Court. In the event such resolution is sought, the Discovery Material shall be treated as Confidential Discovery Material and subject to this Confidentiality Order until the matter has been resolved by agreement of counsel of record or by Order or direction of the Court.

10. No Confidential Discovery Material may be disclosed to any person except:

    (a) the Parties;

    (b) counsel of record and such counsel's employees and agents;

    (c) such outside experts and consultants as counsel may, in good faith, require to provide assistance in the conduct of the Action;

    (d) the Court (including court reporters, stenographic reporters and other Court personnel);

    (e) witnesses in the course of the hearing in the Action or preparation therefor;

    (f) any federal or state governmental agency; regulatory organization; or self-regulatory organization; or as required by court order or subpoena; and

    (g) any other person as to whom the producing Party agrees in writing.

11. A Party or Non-Party may further designate as "Attorney Restricted" any Confidential Discovery Material produced by it that it deems in good faith to require additional protection against harassment, annoyance, embarrassment or oppression. The Parties anticipate that such material may include the confidential information of nonparties, including personal compensation and performance evaluation information. In addition to remaining subject to all other restrictions and provisions of this Confidentiality Order, any Confidential Discovery Material so designated shall not be disclosed to persons within the descriptions contained in subparagraphs (a), (c) and (e) of Paragraph 10 above, except (i) *bona fide* outside consultants and experts who are or may be retained to analyze the documents or information contained therein, or (ii) any witness who had prior, authorized access to the particular documents or information pursuant to his or her assigned job duties and in the ordinary course of business.

12. Before making disclosure of any Confidential Discovery Material to anyone described in Paragraph 10 above, except those persons described in subparagraphs (a), (b), (d), or

4

(f) of such paragraph, a Party must obtain an agreement in writing, in the form attached hereto as Exhibit A, from such person reciting that he or she has read a copy of this Confidentiality Order and agrees to be bound by its provisions, including, without limitation, (i) that he or she will not use or disclose the Confidential Discovery Material other than in connection with the Action, and (ii) that he or she will return to counsel of record, at the earlier of the conclusion of his or her involvement in the Action, or the conclusion of the Action, all Confidential Discovery Material that has been provided to him or her and all copies thereof ("Supplemental Confidentiality Agreements"). Such persons shall not make or retain any copies of Confidential Discovery Material except as may be necessary in connection with their participation in the Action. Each Party shall maintain a list of all persons who have executed Supplemental Confidentiality Agreements, and, upon request of the other Party, make such list available for inspection and copying.

13. Each Party represents and agrees that, should it become necessary for any reason to file with the Court any Confidential Discovery Material, such Party will use its best, good-faith efforts to maintain the confidentiality of any such Confidential Discovery Material. These efforts shall include requesting to file any such Confidential Discovery Material under seal or in redacted format, pursuant to Rule I(D)(3) of this Court's Individual Rules and Procedures for Civil Cases.

14. Each Party consents to the submission of this Confidentiality Order to the Court to be "So Ordered," at any time during the pendency of the Action.

15. Within thirty (30) days following the request of a Party after termination of the Action, all Confidential Discovery Material, including all copies, excerpts, notes and other materials containing or summarizing information derived therefrom, shall be returned to the

producing Party's attorneys or destroyed, and all persons who possessed such material shall verify in writing its return or destruction.

16. Nothing contained in this Confidentiality Order shall be deemed a waiver of any privilege or immunity or to affect in any way the admissibility of any document, testimony, or other evidence in the Action. The provisions of this Confidentiality Order are without prejudice to the right of any Party or Non-Party to seek other or additional protection from the Court for any documents or information that such Party or Non-Party believes may not be adequately protected by the provisions of this Confidentiality Order.

17. Nothing in this Confidentiality Order shall preclude any modification of this Confidentiality Order by written agreement of the Parties, or shall preclude any Party from applying to the Court for an Order modifying this Confidentiality Order.

18. Any disputes arising out of this Confidentiality Order, or the enforcement thereof, shall be submitted to the Court. In addition to damages, any Party may seek temporary, preliminary and permanent injunctive relief to address any threatened or actual breach of this Confidentiality Order.

19. Pursuant to Rule 502(d)-(f) of the Federal Rules of Evidence, no unintentional disclosure of privileged information during the discovery process in this Action, regardless of the cause of the disclosure or the reasonableness or lack of reasonableness of the efforts to prevent it, will constitute a waiver of any privilege or other protections (including work product) applicable to Discovery Materials, in this or any other proceeding.

20. If the producing Party discovers that privileged or protected material has been produced unintentionally, or it learns of the production of such privileged or protected material from another Party, the producing Party will promptly request that the receiving Party

immediately return the documents in question.

21. Upon receiving such a clawback request and notification of an unintentional disclosure, or if a receiving Party or its counsel self-identifies privileged information in a production, the receiving Party will immediately sequester, return, delete or destroy all copies of such inadvertently produced privileged information, including any and all work product containing or derived from privileged information, and the receiving Party will make no further use or disclosure of the privileged information whatsoever.

22. A receiving Party must notify the producing Party if the receiving Party discovers privileged information among Discovery Materials it has received, or if the receiving Party disclosed privileged information to others before receiving notification of its privileged status. A receiving Party must take all necessary and reasonable steps to secure the return of any privileged information of a producing Party that the receiving Party has disclosed to others, and such disclosure by the receiving Party will not operate as a waiver of any privilege or protections afforded to privileged information, in this or any other proceeding.

23. All privilege logs will contain information sufficient to identify the documents or information withheld and the basis of the asserted claim of privilege or protection, with sufficient detail that an opposing Party or the Court could make a cogent evaluation of whether the assertion of the privilege or protection was valid. The Parties will create only a single entry in a privilege log for an email family withheld on the basis of privilege or protection, as long as such entry lists the recipients of any part of the email chain.

24. Nothing in this Order will prevent a receiving Party from challenging the assertion of privilege or other protection with respect to any documents or electronically stored information subject to discovery in this Action; provided, however, that any challenge to the

privileged status of privileged information that has been unintentionally produced must be made within ten (10) court days after the producing Party gives notice of the privilege or protection, by presenting the disputed information under seal with the Court for determination pursuant to Fed. R. Civ. P. 26(b)(5)(B) or other procedures outlined by the Court. Provided further, however, that the fact that documents or information were produced unintentionally in this Action cannot serve as a reason for finding that any applicable privilege or protection has been waived.

Dated: New York, New York
       June 1, 2020

<br>

*William T. Marshall, Jr.*
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400

Attorneys for Plaintiff Susan J. Galli

<br>

*Stephen L. Sheinfeld*
B. Aubrey Smith
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
SSheinfeld@winston.com
BASmith@winston.com

Attorneys for Defendants
PricewaterhouseCoopers LLP,
PricewaterhouseCoopers Advisory Services
LLC, Jeffrey Lavine, Catherine Stahlmann,
Maria Calabrese and Cheryl Riporti

So Ordered.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

Dated: June 4, 2020
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

I, _____, hereby acknowledge that I have read the foregoing Protective Order and Confidentiality Agreement (the "Confidentiality Order") in the action captioned *Susan J. Galli v. PricewaterhouseCoopers LLP et al.*, 1:20-cv-1640 (LGS) (SN) (the "Action"), that I understand the terms of the Confidentiality Order, that I agree to be bound by such terms, and that I agree to submit to the personal jurisdiction of the Court in the Action with respect to enforcement of the Confidentiality Order.

Dated: _____

_____
Signature

_____
Print Name

_____
Address

1