UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                            :
  SUSAN J. GALLI,                                           :
                                                            :
                                      Plaintiff,            :              20 Civ. 01640 (LGS)
                                                            :
                  -against-                                 :              OPINION AND ORDER
                                                            :
  PRICEWATERHOUSECOOPERS LLP, et al.,                       :
                                                            :
                                      Defendants.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Susan Galli brings thirteen claims: to reform provisions of her employment

agreement with PricewaterhouseCoopers LLP ("PwC") and to void the operative arbitration

agreement in its entirety (Count I); fraudulent inducement (Count II); breach of fiduciary duty

(Count III); fraud and tortious acts arising from duties (Count IV); common law fraud (Count V);

breach of contract (Count VI); tortious interference with contract (Count VII); promissory

estoppel (Count VIII); age discrimination under state and federal law(Counts IX, X and XI); and

gender discrimination under Title VII and New York law (Counts XII and XIII).  Defendants[1]

move to compel arbitration of all claims.  For the following reasons, Defendants' motion is

granted.

I.      BACKGROUND

        Familiarity with the underlying facts is assumed.  *See Susan J. Galli v.*

*PricewaterhouseCoopers LLP*, No. 19 Civ. 7224, 2020 WL 4605240, at *1 (S.D.N.Y. Aug. 11,

2020).

---

[1] Defendants are PricewaterhouseCoopers LLP, PricewaterhouseCoopers Advisory Services,
LLC, Jeffrey Lavine, Catherine Stahlmann, Maria Calabrese and Cheryl Riporti.

On June 11, 2014, Plaintiff executed an Employment Agreement with PwC, attached to which was an Arbitration Agreement.  The Employment Agreement includes the following language: "You and the Firm agree, as a condition precedent to your employment, to be bound by the terms of the arbitration agreement attached hereto as Exhibit A, which is incorporated herein by reference, and which requires both you and the Firm to submit to final and binding arbitration all claims covered under the arbitration agreement."  The Arbitration Agreement attached to the Employment Agreement includes the following language:

> This Agreement requires both you and the Firm to resolve all Covered Claims (as described below) exclusively through final and binding arbitration.  This Agreement becomes effective on the first day of your employment with the Firm ("Effective Date") and survives and continues to apply following termination of employment. This Agreement is a mandatory condition of your employment with the Firm.  Our employment offer is contingent upon, among other things, you electronically signing the Employment Agreement, which incorporates this Agreement. **By electronically signing the Employment Agreement, you have accepted this Agreement, and you and the Firm are bound by its terms.**

The Arbitration Agreement defines "Covered Claims" as the following:

> Except as expressly set forth below, this Agreement shall apply to all disputes, controversies and claims relating to or arising out of your employment agreement or termination of that agreement, or your application for employment, offer of employment, prospective employment or employment with the Firm, or your separation from such employment . . . that you may have against the Firm . . . including those based on acts or omissions occurring prior to, on or after the Effective Date, which could otherwise be resolved by a court or administrative agency ("Covered Claims").  Covered Claims include, without limitation . . . claims for breach of fiduciary duty. . . .

## II.   STANDARD

In deciding a motion to compel arbitration, courts apply a "standard similar to that applicable for a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016).  Courts must "consider all relevant, admissible evidence submitted by the parties

and contained in pleadings, depositions, answers to interrogatories, and admissions on file,

together with . . . affidavits," and must "draw all reasonable inferences in favor of the non-

moving party." *Id.*

The Federal Arbitration Act ("FAA") embodies a national policy favoring arbitration

based on the desire to preserve the parties' ability to arbitrate, not litigate, their disputes.

*Doctor's Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 250 (2d Cir. 2019).  Any doubts concerning

the scope of arbitrable issues should be resolved in favor of arbitration.  *Holick v. Cellular Sales*

*of New York, LLC*, 802 F.3d 391, 395 (2d Cir. 2015); *accord Coscarelli v. ESquared Hosp. LLC*,

364 F. Supp. 3d 207, 215 (S.D.N.Y. 2019).  In determining whether an action is arbitrable, a

court must consider (1) whether the parties agreed to arbitrate and, if so, (2) whether the scope of

the arbitration agreement encompasses the claims at issue.  *Holick*, 802 F.3d at 394; *accord*

*Coscarelli*, 364 F. Supp. 3d at 215.

## III.   DISCUSSION

Plaintiff does not dispute that she signed the Employment and Arbitration Agreements.

Instead, she makes the following two arguments: (1) the Employment and Arbitration

Agreements were procured by fraud by Defendants, rendering them void under the "savings"

clause of the Federal Arbitration Act; and (2) Plaintiff's claims of "fraudulent inducement, fraud

by concealment and the independent duty claim" arose prior to execution of the agreements, or

were "part of the agreement itself," and accordingly are not subject to the Arbitration Agreement.

These arguments are unpersuasive, and the parties' agreement to arbitrate is enforceable.

Plaintiff's first argument, that the Employment and Arbitration Agreements were procured

by fraud and are accordingly invalid, was rejected in this Court's opinion in a related action

because Plaintiff challenges the  Employment and Arbitration Agreements generally, and not

specifically the Arbitration Agreement, and therefore the Arbitration Agreement is "severable" and "[t]he challenge should therefore be considered by an arbitrator, not a court."  *See Susan J. Galli*, 2020 WL 4605240, at *13 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444, 446 (2006)).  For the same reasons, the argument is rejected here.

Plaintiff's second argument, that the claims that arose prior to execution of the Arbitration Agreement are not arbitrable, is also rejected.  First, this argument is inconsistent with legal precedent in this Circuit.  *See Holick*, 802 F.3d at 397 ("[T]his Court has held that broad arbitration provisions that contain no express temporal limitation can apply to claims that arose prior to the execution of the arbitration agreement."); *see also Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 99 (2d Cir. 1999) (same).

Second, the Arbitration Agreement expressly includes claims arising prior to Plaintiff's first day of employment with PwC (defined as the "Effective Date" in the Arbitration Agreement) by defining the "Covered Claims" as including those "relating to or arising out of your employment agreement . . .  or your application for employment, offer of employment, prospective employment or employment with the Firm . . .  including those based on acts or omissions occurring *prior to*, on or after the Effective Date . . ." (emphasis added).  Plaintiff does not -- and cannot -- argue that her claims "based on acts or omissions occurring *prior to* . . . the Effective Date" do not "relat[e] to or aris[e] out of" her employment with PwC, including those of fraudulent inducement and fiduciary duty; indeed, Plaintiff alleges that Defendants fraudulently induced her to sign the Employment and Arbitration Agreements in violation of their fiduciary duties.  "[I]n light of the strong federal policy in favor of arbitration, the existence of a broad agreement to arbitrate creates a presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of an

4

interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage."

*Holick*, 802 F.3d at 395.  Here, the arbitration clause is susceptible to no interpretation that the

current disputes are omitted from its scope.[2]

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration of the remaining

claims is GRANTED.  The request to extend discovery at Dkt. No. 40 is DENIED as moot.

The Clerk of Court is respectfully directed to close the motion at Docket Nos. 16 and 40.

Dated: August, 12, 2020
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[2]  The Title VII claims are within the scope of the Arbitration Agreement.  The list of "Claims Not Subject to Arbitration" includes "Claims that arise under Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination on the basis of race, color, religion, sex and national origin, *unless and until federal law no longer prohibits the Firm from mandating arbitration of such claims*" (emphasis added).  Plaintiff does not argue that her Title VII claim is not arbitrable, and the Second Circuit has compelled arbitration of Title VII claims.  *See, e.g., Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999) (finding Title VII claims are subject to arbitration); *accord Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2020 WL 1467182, at *16 (S.D.N.Y. Mar. 26, 2020) ("Courts have routinely held that employment and Title VII claims are arbitrable.").